ATTORNEY GENERAL LOVING HAS RECEIVED YOUR OPINION REQUEST IN WHICH YOU ASK, IN EFFECT, THE FOLLOWING QUESTION:
 WHEN MUST A STATE AGENCY DEPOSIT WITH THE OKLAHOMA PUBLIC EMPLOYEE RETIREMENT SYSTEM, SUFFICIENT AMOUNTS TO FUND UNUSED SICK LEAVE OF AN EMPLOYEE RETIRING OR TERMINATING EMPLOYMENT AND ELECTING A VESTED BENEFIT?
ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR INQUIRY. FIRST, LET ME APOLOGIZE FOR THE LONG DELAY IN RESPONDING. YOUR OPINION REQUEST HAD BEEN REASSIGNED SEVERAL TIMES DURING THE CHANGE IN ATTORNEY GENERAL AND WE WILL TRY TO DO BETTER IN THE FUTURE.
MY RESEARCH OF THE STATUTES GOVERNING THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM (OPERS) SEEMS TO INDICATE THAT A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT WARRANTED IN THIS PARTICULAR INSTANCE. RATHER, AN ANSWER CAN BE FOUND BY CLEAR STATUTORY PROVISIONS, PREVIOUS OPINIONS OF THIS OFFICE AND/OR CONTROLLING CASE LAW.
A KEY TO ANY ANALYSIS OF YOUR QUESTION IS 74 O.S. 913(2)(G) (1990). THIS SECTION PROVIDES, IN PERTINENT PART:
 "THE TOTAL PARTICIPATING SERVICE CREDIT OF A MEMBER WHO RETIRES OR TERMINATES EMPLOYMENT ND ELECTS VESTED BENEFIT SHALL INCLUDE NOT TO EXCEED ONE HUNDRED THIRTY (130) DAYS OF UNUSED SICK LEAVE ACCUMULATED SUBSEQUENT TO AUGUST 1, 1959, DURING THE MEMBERS EMPLOYMENT WITH ANY PARTICIPATING EMPLOYER." (EMPHASIS ADDED)
 THE HIGHLIGHTED LANGUAGE CLEARLY DEMONSTRATES THAT CONTRIBUTING MEMBERS OF OPERS RECEIVE SERVICE CREDIT FOR SICK LEAVE IF THEY TERMINATE EMPLOYMENT AND ELECT A VESTED BENEFIT, AS WELL AS IF THEY RETIRE FROM THEIR EMPLOYMENT. 74 O.S. 913(2)(G) THEN STATES:
 "IF UNUSED SICK LEAVE ENTITLES MEMBER TO ADDITIONAL YEAR OF SERVICE CREDIT, THE MEMBER' EMPLOYER HALL REIMBURSE THE SYSTEM FOR THE COST OF FUNDING THE ADDITIONAL RESERVE. EACH PARTICIPATING EMPLOYER SHALL PROVIDE THE SYSTEM WITH ADEQUATE AND TIMELY INFORMATION NECESSARY TO DETERMINE ADDITIONAL BENEFITS AND ITS COST UNDER THIS PARAGRAPH."
A.G. OPIN. NO. 85-126 HELD THAT THIS SECTION REQUIRES THE PARTICIPATING EMPLOYER TO REIMBURSE OPERS FOR THE COST OF FUNDING THE ADDITIONAL CREDIT, IF A YEAR OF SERVICE CREDIT IS ACCUMULATED THROUGH UNUSED SICK LEAVE BY THE EMPLOYEE. THE STATUTE ITSELF DICTATES THAT BOTH EMPLOYEES WHO RETIRE AND EMPLOYEES WHO TERMINATE THEIR EMPLOYMENT AND VEST THEIR BENEFITS, SHALL RECEIVE A YEAR OF SERVICE CREDIT FOR THE DESIGNATED AMOUNT OF UNUSED SICK LEAVE. THUS, THE DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES (DMHSAS) HAS A DUTY TO REIMBURSE OPERS SUFFICIENT FUNDS TO COVER THE COST OF THE ADDITIONAL CREDIT FROM UNUSED SICK LEAVE OF EMPLOYEES WHO TERMINATE EMPLOYMENT AND ELECT A VESTED BENEFIT, AS WELL AS FOR EMPLOYEES WHO HAVE RETIRED.
THE QUESTION THEN BECOMES, AT WHAT TIME MUST THE REIMBURSEMENT OF OPERS BE COMPLETED? THIS REQUIRES A CERTAIN AMOUNT OF STATUTORY INTERPRETATION. THE OPERATIVE LANGUAGE OF 74 O.S. 913(2)(G) INDICATES THAT THE EMPLOYER SHALL PROVIDE OPERS WITH "ADEQUATE AND TIMELY INFORMATION" SO THAT ADDITIONAL EMPLOYEE BENEFITS CAN BE DETERMINED.
OKLAHOMA COURTS HAVE LONG REQUIRED THAT, IN THE ABSENCE OF A SPECIFIC STATUTORY DEFINITION, COURTS SHOULD INTERPRET WORDS WITHIN THEIR NORMAL CONTEXT. STEMMONS INC. V. UNIVERSAL C.I.T. CREDIT CORP., 301 P.2D 212 (OKLA.1956). APPLYING THIS RULE IN 1989, THE 10TH CIRCUIT NOTED THAT "A MATTER IS" TIMELY "WHEN IT IS SEASONABLE OR OPPORTUNE(.)" COTTON PETROCHEMICALS V. U.S. DEPARTMENT OF INTERIOR, 870 F.2D 1515 (10TH CIR. 1989). WHILE THIS IS NOT FULLY ILLUSTRATIVE, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY PROVIDES DEFINITIONS FOR BOTH "SEASONABLE" AND "OPPORTUNE." SEASONABLE IS DEFINED AS "OCCURRING IN GOOD OR PROPER TIME", WHILE OPPORTUNE IS DEFINED AS "OCCURRING AT A PROPER TIME."
UNFORTUNATELY, THE STATUTES DO NOT DICTATE A PARTICULAR TIME IN WHICH THE EMPLOYER REIMBURSEMENTS MUST BE MADE. BUT GUIDANCE IS FOUND IN 74 O.S. 901 (1981), WHICH STATES THE PURPOSE OF OPERS AS FOLLOWS:
 THE PURPOSE OF THIS ACT IS TO PROVIDE AN ORDERLY MEANS WHEREBY EMPLOYEES OF THE PARTICIPATING EMPLOYER WHO QUALIFY BY REASON OF AGE, OR CONDITION, AND SERVICE, AS HEREIN ET FORTH, MAY BE TRANSFERRED TO INACTIVE SERVICE . . . AND TO ENABLE SUCH EMPLOYEES TO ACCUMULATE DEFERRED INCOME RESERVES FOR THEMSELVES AND THEIR DEPENDENT TO PROVIDE FOR OLD AGE, DEATH, AND INACTIVE SERVICE, AND FOR THE PURPOSE OF EFFECTING ECONOMY AND EFFICIENCY IN THE ADMINISTRATION OF GOVERNMENTAL AFFAIR." (EMPHASIS ADDED)
BECAUSE THE PURPOSE OF THE REIMBURSEMENTS IS TO ACCUMULATE FUNDS THAT WILL GENERATE INTEREST TO PROVIDE FOR FUTURE PAYMENTS TO MEMBERS, IT IS ESSENTIAL THAT THE FUNDS FOR THE CREDIT ARE PROVIDED AT A TIME WHICH WILL ALLOW SUCH FUNDS TO GROW THROUGH INVESTMENT. THE TIMELINESS LANGUAGE IN 74 O.S. 913(2)(G) STRONGLY INDICATES THAT THE CREDIT FOR THE LEAVE IS EITHER SIMULTANEOUS WITH THE TERMINATION OF EMPLOYMENT, OR WITHIN A SHORT PERIOD OF TIME AFTER THE EMPLOYEE LEAVES. OTHER STATUTES GOVERNING OPERS REQUIRE PAYMENT OF FUNDS INTO THE SYSTEM AT THE SAME TIME THE CREDIT IS GIVEN. SEE. E.A., 74 O.S. 910.1A/74 O.S. 913(1)(H)/74 O.S. 913(2)(F)/74 O.S. 913(4)/74 O.S. 913(5). SECTION 74 O.S. 913(2)(G) ALSO STATES THAT THE PAYMENT FROM THE EMPLOYER IS PAYING ". . . THE COST OF FUNDING THE ADDITIONAL RESERVE." (EMPHASIS ADDED). AS STATED ABOVE, ANY APPRECIABLE DELAY IN PAYMENT OF THESE AMOUNTS WOULD BE INCONSISTENT WITH FUNDING THIS IMPORTANT RETIREMENT RESERVE.
IN 1986, WHILE DEALING WITH A QUESTION RISING FROM THE PENSION BENEFITS GRANTED TO BOTH POLICE AND FIREFIGHTERS, THE OKLAHOMA SUPREME COURT INDICATED THAT THE RIGHT TO PENSION BENEFITS BECOMES ABSOLUTE AT THE TIME THE BENEFITS BECOME PAYABLE TO THOSE ELIGIBLE, AND NOT AT THE TIME THE BENEFIT PAYMENT ACTUALLY BEGINS. BAKER V. OKLAHOMA FIREFIGHTERS PENSION SYSTEM, 718 P.2D 348, 353 (OKLA. 1986). THE SAME ANALYSIS IS APPLICABLE IN THIS INSTANCE. THE COURT REASONED THAT SINCE PERSONS WHO PARTICIPATE IN A PENSION SYSTEM ACQUIRE CONTRACTUAL RIGHTS ONCE THEY HAVE SATISFIED THE ELIGIBILITY REQUIREMENTS, IT IS BEST TO DECLARE THE RIGHT TO A PENSION ABSOLUTE ONCE IT HAS VESTED. ID. AT 352. SIMILARLY, OPERS IS POTENTIALLY LIABLE FOR ANY PAYMENTS TO MEMBERS AFTER VESTING OCCURS. THUS, THE RIGHT TO A PENSION BECOMES ABSOLUTE FOR OPERS MEMBERS WHEN THE ELIGIBILITY REQUIREMENTS ARE MET.
WITH THIS IN MIND, IT IS CLEAR THAT THE PROPER TIME FOR REIMBURSEMENT OF OPERS FOR UNUSED SICK LEAVE IS SHORTLY AFTER WHEN THE EMPLOYEE TERMINATES EMPLOYMENT AND ELECTS A VESTED RETIREMENT, OR WHEN AN EMPLOYEE RETIRES FROM THAT AGENCY. THE PURPOSE OF THE REIMBURSEMENT IS TO PROVIDE OPERS SUFFICIENT RESERVE FUNDS WHICH WILL ACCRUE INTEREST SUFFICIENT TO COVER THE FUTURE PAYMENTS EQUIVALENT TO AN ADDITIONAL YEAR WORTH OF SERVICE CREDIT. AS SUCH, SOUND PUBLIC POLICY DICTATES REIMBURSEMENT AS SOON AFTER THE TERMINATION OR RETIREMENT AS POSSIBLE.
IN RECOGNITION OF THE POTENTIAL PROBLEMS CREATED BY DEFERRED PAYMENT AS IS CONTEMPLATED N YOUR REQUEST, OPERS AS RECENTLY INSTITUTED A POLICY OUTLINED IN THE DESIGNATED AGENTS MANUAL, WHICH STATES THAT:
 "THE AGENCY IS RESPONSIBLE FOR REIMBURSING THE SYSTEM FOR THE COST OF FUNDING THE SICK LEAVE AT THE TIME IT FIRST CREDITED TO THE MEMBER." DESIGNATED AGENTS MANUAL, P. 17 (1991) (EMPHASIS ADDED)
BY ESTABLISHING A DESIGNATED PAYMENT PERIOD WITH THIS POLICY, OPERS ATTEMPTS TO ENSURE ITS ABILITY TO COVER ANY CLAIMS THAT OCCUR AFTER A MEMBER'S RIGHTS HAVE VESTED. THIS APPEARS TO BE ENTIRELY CONSISTENT WITH THE STATUTORY LANGUAGE, AND, AS EXPLAINED TO ME BY OPERS LEGAL COUNSEL, SIMPLY RESTATES THE CURRENT OPERS POLICY.
DMHSAS, AS A PARTICIPATING EMPLOYER, SHOULD REIMBURSE OPERS FOR ACCUMULATED UNUSED SICK LEAVE A REASONABLE TIME AFTER AN EMPLOYEE TERMINATES HIS EMPLOYMENT AND ELECTS A VESTED BENEFIT, OR WHEN ONE OF ITS EMPLOYEES RETIRES. THE PAYMENT SHOULD ROUGHLY COINCIDE WITH THE TIME WHEN OPERS RECEIVES THE DOCUMENTATION SHOWING ENTITLEMENT OF THE ADDITIONAL CREDIT FOR UNUSED SICK LEAVE.
(THOMAS L. SPENCER)